IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

ALBERTO RUBEN IRIZARRY-ROBLES,

**Plaintiff**,

v.

JOSE GUILLERMO RODRIGUEZ, MAYOR OF THE MUNICIPALITY OF MAYAGÜEZ, *et al.*,

**Defendants**.

CIVIL NO. 15-2461 (FAB)

**MEMORANDUM AND ORDER**[1]

Pending before the Court is a motion for judgment on the pleadings pursuant to Federal Rule of Civil Procedure 12(c) ("Rule 12(c)") filed by defendants Jose Guillermo Rodriguez, Lorraine Bengoa-Toro, and Osvaldo Rodriguez, in their personal capacity, requesting dismissal of the federal claims against them. (Docket No. 19.) The plaintiff, Alberto Ruben Irizzary-Robles, opposed the motion. (Docket No. 20.) Having considered the motion and the plaintiff's response, the Court **DENIES** the motion.

I.  BACKGROUND

On October 7, 2015 plaintiff Alberto Ruben Irizarry-Robles ("Irizarry") filed a complaint against defendants Jose Guillermo Rodriguez, the Mayor of the Municipality of Mayagüez ("Mayor Rodriguez"), Lorraine Bengoa-Toro ("Bengoa-Toro"), and Osvaldo

---

[1] Mariana Deseda-Colon, a recent graduate of the University of Puerto Rico School of Law, assisted in the preparation of this Memorandum and Order.

Civil No. 15-2461 (FAB)                                                  2

Rodriguez ("Rodriguez") (collectively, the "defendants") alleging that he was terminated because of his political beliefs. (Docket No. 1.) Irizarry seeks monetary, injunctive, and declaratory relief for violations of his First Amendment Rights pursuant to 42 U.S.C. § 1983, and violations of his rights under clauses 1, 4, 6 and 7 of Article II of the Constitution of the Commonwealth of Puerto Rico and pursuant to Puerto Rico's general tort statute, P.R. Laws Ann. tit. 31 §5141.[2]  Id. at pp. 1-3. Specifically, he requests (1) a declaration that plaintiff's dismissal is null and void, (2) an injunction requiring defendants to renew plaintiff's contract, (3) compensatory damages in the amount of $3,045,012.00, with an addition of $3,751.00 per month for unemployment since the filing of the complaint, (4) punitive damages in the amount of $1,000,000.00, and (5) attorneys' fees. Id. On January 7, 2016, the defendants filed an answer to the complaint in their personal capacity.[3]  (Docket No. 10.)

On March 14, 2016, defendants filed a motion for judgment on the pleadings. (Docket No. 19.) Defendants argue that Irizarry failed to "adequately allege that any of the defendants are

___

[2] Because defendants' motion for judgment on the pleadings as to plaintiff's federal constitutional claims is **DENIED**, the Court will continue to exercise supplemental jurisdiction over his claims pursuant to the Constitution and laws of the Commonwealth of Puerto Rico.

[3] On December 24, 2015 defendants filed another answer to the complaint in their official capacity. See Docket No. 9.

Civil No. 15-2461 (FAB)                                                3

plausible defendants," Id. at p. 1, and that any of them "'possessed knowledge of and shared some responsibility for the termination of'" plaintiff. Id. at p. 9 (quoting Ocasio-Hernandez v. Fortuño-Burset, 640 F. 3d 1, 17 (1st Cir. 2011)).  On March 31, 2016, Irizarry opposed defendants' motion, arguing that his complaint presented a "cognizable claim for political discrimination."  (Docket No. 20.)

## II.  LEGAL STANDARD

"A motion for judgment on the pleadings is treated much like a Rule 12(b)(6) motion to dismiss."  Perez-Acevedo v. Rivero-Cubano, 520 F.3d 26, 29 (1st Cir. 2008) (citing Curran v. Cousins, 509 F.3d 36, 43-44 (1st Cir. 2007)).  When considering a motion for judgment on the pleadings pursuant to Rule 12(c), a "'court must view the facts contained in the pleadings in the light most favorable to the nonmovant and draw all reasonable inferences therefrom . . . .'"  Id. (quoting R.G. Fin. Corp. v. Vergara-Nuñez, 446 F.3d 178, 182 (1st Cir. 2006)).  "[A]n adequate complaint must provide fair notice to the defendants and state a facially plausible legal claim."  Ocasio-Hernandez v. Fortuño-Burset, 640 F.3d 1, 12 (1st Cir. 2011).

When faced with a motion for judgment on the pleadings, "[a] plaintiff is not entitled to 'proceed perforce' by virtue of allegations that merely parrot the elements of the cause of action."  Id. at *9 (quoting Ashcroft v. Iqbal, 556 U.S. 662, 129

Civil No. 15-2461 (FAB)                                                     4

S.Ct. 1937, 1950 (2009)).  Any "[n]on-conclusory factual allegations in the complaint [, however,] must . . . be treated as true, even if seemingly incredible." Id. (citing Iqbal, 129 S.Ct. at 1951).  Where those factual allegations "allow[] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged," the claim has facial plausibility.  Id. (citing Iqbal, 129 S.Ct. at 1949).  Furthermore, in order for a complaint to be adequate it "must include not only a plausible claim but also a plausible defendant." Peñalbert-Rosa v. Fortuño-Burset, 631 F.3d 592, 594 (1st Cir. 2011).

### III.   DISCUSSION

**A.   Plausible Political Discrimination Claim**

The First Amendment to the United States Constitution embodies the right to be free from political discrimination. See Barry v. Moran, 661 F.3d 696, 699 (1st Cir. 2011).  The First Circuit Court of Appeals has held that the right to be free from political discrimination prohibits government officials from "taking adverse action against public employees on the basis of political affiliation, unless political loyalty is an appropriate requirement of the employment." Ocasio-Hernandez, 640 F.3d at 13 (internal citations omitted).  In order to establish a *prima facie* case of political discrimination, a plaintiff must show "(1) that the plaintiff and defendant have opposing political affiliations, (2) that the defendant is aware of the plaintiff's affiliation, (3)

that an adverse employment action occurred, and (4) that political affiliation was a substantial or motivating factor for the adverse employment action." Lamboy-Ortiz v. Ortiz-Velez, 630 F.3d 228, 239 (1st Cir. 2010). Moreover, each defendant's role must be sufficiently alleged to make him or her a plausible defendant. See Ocasio-Hernandez, 640 F.3d at 16.

Here, the plaintiff's complaint contains straightforward factual allegations with respect to the first element. Irizarry states that he is an active supporter of the New Progressive Party ("NPP") and that defendants are members of the opposing Popular Democratic Party ("PDP"). (Docket No. 1 at pp. 5-6.) If the Court takes these factual allegations as true, as it must at this stage of the proceedings, Irizarry has included adequate factual material to support a reasonable inference that he and the defendants have opposing political affiliations.

According to the First Circuit Court of Appeals, a plaintiff must plead "discrete factual events" to show that a defendant was aware of his of her political beliefs. Ocasio-Hernandez, 640 F.3d at 14-15. Sufficient allegations can include: (1) that the plaintiff was asked by defendants about the circumstances relating to how the plaintiff obtained his or her job; (2) that the clerical staff directly asked about a plaintiff's political affiliations; or (3) that employees knew about and frequently discussed the political affiliations of their co-workers. See Id. at 15.

Civil No. 15-2461 (FAB)                                              6

Irizarry alleges that he is an active member of the NPP and that his political affiliation is well known to the defendants. (Docket No. 1 at p. 6.)  He asserts that one of the defendants, Rodriguez, actually approached him about his political activity, while the second defendant, Bengoa-Toro, told him that the third defendant, Mayor Rodriguez, was aware of his political activities. (Docket No. 1 at pp. 7-8.)  Defendants themselves do not deny that they had knowledge of Irizarry's political affiliation.  (Docket No. 19.)  In fact, they appear to agree with his assertion that "[p]laintiff's political beliefs were known to defendants at all times relevant to this complaint." Id. at 13.  Therefore, taking into account the complaint's allegations and defendants' own admission that they knew plaintiff was an active member of the NPP, Irizarry has plausibly established that defendants were aware of his political affiliation.  Accordingly, he satisfies the second element of a *prima facie* political discrimination claim.

Irizarry has also alleged sufficient facts to show that he suffered an adverse employment action.  An adverse employment action occurs "if those actions, objectively evaluated, would place substantial pressure on even one of thick skin to conform to the prevailing political view." Rodriguez-Garcia v. Miranda-Marin, 610 F.3d 756, 766 (1st Cir. 2010) (internal citations omitted).  In general, discharging or demoting an employee constitutes an adverse employment action.  See Id.  Because he alleges that defendants

Civil No. 15-2461 (FAB)                                                7

discharged him on October 31, 2014, (Docket No. 1 at p. 8), Irizarry plausibly satisfies the third element of a political discrimination claim.

In order for Irizarry to satisfy the fourth element of a political discrimination claim, he must allege that "political affiliation was a substantial or motivating factor for the adverse employment action." Lamboy-Ortiz, 630 F.3d at 239. The First Circuit Court of Appeals has stated that, while a plaintiff is not required to bring forward "smoking gun" evidence, Welch v. Ciampa, 542 F.3d 927 (1st Cir. 2008), he or she must do more than "[m]erely juxtapose a protected characteristic – someone else's politics – with the fact that the plaintiff was treated unfairly." Peguero-Moronta v. Santiago, 464 F.3d 29, 45 (1st Cir. 2006) (internal citations omitted). Irizarry alleges that he was approached by Rodriguez and "admonished that he being a trust employee could not engage in political activities for the [NPP]" but "could only participate in activities of the [PDP]." (Docket No. 1 at p. 7.) He also alleges that Rodriguez told him that if he did not stop supporting the NPP, he (Rodriguez) would tell his brother, Mayor Rodriguez,[4] and Irizarry "would lose his job." Id. at p. 8. Plaintiff further asserts that, when he asked Bengoa-Toro for an explanation regarding his termination, he was told that Mayor

---

[4] Co-defendant Mayor Rodriguez is also the President of the PDP in Mayagüez. (Docket No. 1 at p. 5.)

Civil No. 15-2461 (FAB)                                                        8

Rodriguez "had been informed of his political activities and he [Mayor Rodriguez] gave the order to dismiss him for said participation with the [NPP]." Id.  Taken as true, Irizarry's set of facts allow for a plausible inference that political discrimination was indeed a motivating factor for his termination, thus satisfying the fourth element of a political discrimination claim.

**B. Defendants' Arguments Regarding a Lack of "Plausible Defendants"**

A complaint "must include not only a plausible claim but also a plausible defendant." Peñalbert-Rosa, 631 F.3d at 594. "Each defendant's role in the termination must be sufficiently alleged to make him or her a plausible defendant." Ocasio-Hernandez, 640 F.3d at 16.  In their motion, defendants make much ado about this requirement, aggressively asserting that Irizarry's "hollow allegations" do not establish that the defendants "played any role in the alleged political discrimination," but rather are "designed to make as much noise and create as much fog as possible in order to blind the Court."  (Docket No. 19 at pp. 12-13.)  Irizarry alleges sufficient facts, however, to allow for a plausible inference that each of the defendants was involved with his dismissal in violation of the First Amendment.  He adequately identifies each defendant's culpable conduct and connects it to his claims.  This is all that is required to satisfy the plaintiff-

Civil No. 15-2461 (FAB)                                                 9

friendly plausibility standard.  See Vazquez v. Surillo-Ruiz, 76 F. Supp. 3d 381, 393-94 (D.P.R. 2015).

Because plaintiff Irizarry alleges:  (1) sufficient factual material to satisfy plausibly all four elements of a *prima facie* case of political discrimination, and (2) sufficiently connects the activity of each defendant to his claim, his complaint passes muster pursuant to Rule 12(c).  Accordingly, defendants' motion for judgment on the pleadings is **DENIED.**

### III.  Conclusion

For the reasons expressed above, defendants' motion for judgment on the pleadings is **DENIED.**

**IT IS SO ORDERED.**

San Juan, Puerto Rico, January 18, 2017.

> s/ Francisco A. Besosa
> FRANCISCO A. BESOSA
> United States District Judge