# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF PUERTO RICO

ALBERTO RUBEN IRIZARRY-ROBLES,

    **Plaintiff**,

            v.                        **Civil No.** 15-2461 (FAB)

JOSE GUILLERMO RODRIGUEZ, MAYOR OF THE MUNICIPALITY OF MAYAGÜEZ, *et al.*,

    **Defendants**.

## OPINION AND ORDER

BESOSA, District Judge.

Before the Court is a motion for summary judgment filed by defendants Jose Guillermo Rodriguez, Lorraine Bengoa-Toro, Osvaldo Rodriguez, and the Municipal Government of Mayagüez. (Docket No. 39.) For the reasons discussed below, the Court **GRANTS** defendants' motion.

## I. BACKGROUND

Plaintiff Alberto Ruben Irizarry-Robles ("Irizarry") filed suit against defendants Jose Guillermo Rodriguez ("Mayor Rodriguez"),[1] Lorraine Bengoa-Toro ("Bengoa-Toro"), Osvaldo Rodriguez ("Rodriguez"), and the Municipality of Mayagüez ("Municipality"), alleging that he was terminated because of his political beliefs. (Docket No. 1.) Plaintiff seeks monetary,

---

[1] Jose Guillermo Rodriguez is the Mayor of the Municipality of Mayagüez.

injunctive, and declaratory relief for alleged violations of his First Amendment Rights pursuant to 42 U.S.C. § 1983, and violations of his rights under clauses 1, 4, 6, and 7 of Article II of the Constitution of the Commonwealth of Puerto Rico, and pursuant to Puerto Rico's general tort statute, P.R. Laws Ann. tit. 31 §5141. Id. at pp. 1-3.

Defendants now move for summary judgment pursuant to Federal Rule of Civil Procedure 56. (Docket No. 39.) Irizarry did not oppose the motion, and defendants filed an urgent motion requesting that defendants' motion for summary judgment be granted as unopposed. (Docket No. 43.) Plaintiff replied to the motion, Docket No. 44, and the Court granted plaintiff an extension of time to oppose the motion for summary judgment. Plaintiff never filed an opposition.

## II. LEGAL STANDARD

A court will grant summary judgment if the moving party shows, based on materials in the record, "that there is no genuine dispute as to any material fact and [that the moving party] is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). "A dispute is genuine if the evidence about the fact is such that a reasonable jury could resolve the point in the favor of the non-moving party." Farmers Ins. Exch. v. RNK, Inc., 632 F.3d 777, 786 (1st Cir. 2011) (quoting Rodriguez-Rivera v. Federico Trilla Reg'l. Hosp. of Carolina, 532 F.3d 28, 30 (1st Cir. 2008)). "A fact is material

if it has the potential of determining the outcome of the litigation." Maymi v. P.R. Ports Auth., 515 F.3d 20, 25 (1st Cir. 2008).

At the summary judgment stage, a court must construe the entire record in the light most favorable to the nonmoving party, drawing all reasonable inferences in its favor. See DePoutot v. Raffaelly, 424 F.3d 112, 117 (1st Cir. 2005). A court must refrain from making credibility determinations and weighing the evidence. See McGrath v. Tavares, 757 F.3d 20, 25 (1st Cir. 2014). A court also must disregard conclusory allegations and unsupported speculation. Id.

### III. DISCUSSION

Defendants argue that (1) Irizarry failed to state a First Amendment political discrimination claim because his position was a trust position, (2) his claims should be dismissed due to qualified immunity, and (3) his supplemental law claims should also be dismissed. (Docket No. 39.)

Because Irizarry failed to file an opposition to the motion for summary judgment, the "Court may consider the summary judgment unopposed, and take as uncontested all evidence presented with that motion." Nieto-Vicenty v. Valledor, 22 F. Supp. 3d 153, 161 (D.P.R. 2014) (Besosa, J.) (citation omitted). Generally, the moving party prevails on an unopposed motion for summary judgment. See Perez-Cordero v. Wal-Mart P.R., 440 F.3d 531, 534 (1st Cir.

2006) ("While an unopposed summary judgment still must be scrutinized in accordance with Rule 56 [. . .], a party's failure to oppose summary judgment is [generally] fatal to its case.") (citation omitted).

"The entry of a summary judgment motion as unopposed does not automatically give rise to a grant of summary judgment." Aguiar-Carrasquillo v. Agosto-Alicea, 445 F.3d 19, 25 (1st Cir. 2006). Despite Irizarry's failure to submit a timely opposition, the Court must nevertheless "entertain the motion on the merits and may not grant the same as a sanction even for failure to file a [timely] opposition." See De la Vega v. San Juan Star, 377 F.3d 111 (1st Cir. 2004). Ultimately, however, "a party that fails to oppose a motion for summary judgment does so at its own risk and peril." Quiñones Rodriguez v. Andoxx Corp., 440 F. Supp. 2d 77, 78 (D.P.R. 2006) (Dominguez, J.). In the absence of an opposition, the Court accepts facts presented in support of the motion for summary judgment as uncontested.[2]

---

[2] Additionally, Irizarry failed to submit a "separate, short, and concise statement of material fact" to "admit, deny, or qualify the facts by reference to each numbered paragraph of the moving parties' statement of material facts" pursuant to Local Rule 56(c). This Court "is free, in the exercise of its sound discretion, to accept the moving party's facts as stated." D.P.R. Civ. R. 56(c); see Total Petroleum P.R. Corp. v. Colon, 819 F. Supp. 2d 55 (D.P.R. 2011) (Besosa, J.) ("Defendants have chosen to shirk their responsibility to provide an accurate representation of issues of fact which are truly contested in this case, and must now face the consequences of that decision.").

### A.  **Political Discrimination**

Defendants move for summary judgment on plaintiff's political discrimination claim on the grounds that (1) plaintiff cannot establish a political discrimination claim and, (2) in the event that he does, the claim cannot prosper because his position was a trust position. (Docket No. 39 at pp. 1-2.) The Court has already addressed the former issue, finding that Irizarry presented a cognizable claim for political discrimination. See Irizarry Robles v. Rodriguez, *et al.*, 2017 WL 193150 (D.P.R. Jan. 18, 2017). The Court will now address the latter issue and determine if Irizarry's position was a trust position.

Pursuant to Puerto Rico law, a career position is a constitutionally protected property interest. See Kauffman v. P.R. Tel. Co., 841 F.2d 1169, 1173 (1st Cir. 1988). Persons who hold permanent and career positions must be hired or fired on merit-based criteria. See Costa-Urena v. Segarra, 590 F.3d 18, 22 (1st Cir. 2009). Trust employees, on the other hand, are "involved in policy-making and can be more or less hired or fired at will." Id.

Defendants argue that plaintiff's position was a trust position. (Docket No. 39 at pp. 3-6.) "While the government's classification of a particular position is a relevant fact for the Court to consider, it is not dispositive." Sastre-Fernandez v. Superintendencia del Capitolio, 972 F.Supp.2d 217, 219 (D.P.R.

2013) (Fusté, J.) (citing Galloza v. Foy, 389 F.3d 26, 29 (1st Cir. 2004)). In order to determine if a position is a trust position, the Court must make a fact-specific inquiry. Id. The First Circuit Court of Appeals typically employs a two-pronged test to make this determination, looking first to the political nature of the employing agency and second to the political nature of the plaintiff's position. See Mendez-Aponte v. Bonilla, 645 F.3d 60, 65 (1st Cir. 2011).

For the first prong, the Court evaluates whether "the discharging agency's functions entail decision making on issues where there is room for political disagreement on goals or their implementation." O'Connell v. Marrero-Recio, 724 F.3d 117, 126 (1st Cir. 2013) (quoting Rosenberg v. City of Everett, 328 F.3d 12, 18 (1st Cir. 2003)). For the second prong, the Court examines "whether the particular responsibilities of the plaintiff's position resemble those of a policymaker, privy to confidential information, a communicator, or some other office holder whose function is such that a party affiliation is an equally appropriate requirement for continued tenure." Rosenberg, 328 F.3d at 18. The Court considers the position's "relative pay, technical competence, power to control others, authority to speak in the name of policymakers, public perception, influence on programs, contact with elected officials, and responsiveness to partisan

politics and political leaders." O'Connell, 724 F.3d at 127 (quoting O'Connor v. Steeves, 994 F.2d 905, 910 (1st Cir. 1993)).

Here, defendants contend that plaintiff's position of Special Aide II is a trust position, and that the job description classified it as a trust position. (Docket Nos. 40-1 and 40-4.) Furthermore, defendants contend that plaintiff was aware his position was a trust position. (Docket No. 40-4 at p. 2.) According to the official description, Special Aide II involves the following functions:

> The employee carries out complex work that entails responsibility, assisting in managing, coordinating and solving administrative, operational and programmatic matters of greater difficulty and variety assigned by the Municipality of Mayagüez. He or she works under the general supervision of the Mayor, Vice Mayor or Municipal Administrator, who imparts general instructions for the performance of his or her duties. The employee exercises initiative and personal judgment when performing the work. The work is reviewed through the evaluation of the reports submitted by the employee and supervisory meetings. (Docket No. 40-2 at p. 1.)

The position also entails that defendant

> Collaborates in the drafting of reports, in the search for important information requested by government agencies, in addressing the situation and needs of the communities and citizens, in the coordination of efforts with public agencies and private institutions, in the gathering of data and documents needed for meetings that he or she attends, and in the signing of documents that are delegated by him or her [and carries] out different kinds of investigations, including legal, fiscal, and programmatic investigations, and submits the findings, results, and recommendations to his or her supervisor in writing. Id. at p. 2.

Applying the two-prong test to the formal description of the position, the Court finds that indeed a person who holds the Special Aide II position makes policy-making decisions. "Th[e] first prong is satisfied (that is, a position may be regarded, at least provisionally, as a policymaking position) as long as the position potentially 'involve[s] government decisionmaking on issues where there is room for political disagreement on goals or their implementation.'" Galloza v. Foy, 389 F.3d 26, 29 (1st Cir. 2004) (quoting Jimenez-Fuentes, 807 F.2d at 241-242). The Municipality is certainly an agency that is involved in the decision making process on issues for which there is room for political disagreement. Because a person who is a Special Aide II is one of the decision makers within the Municipality, it is a position that could affect how policy is made and implemented within the municipality.

Furthermore, because the responsibilities assigned to the Special Aide II position are broad in scope, giving the plaintiff broad discretion in the performance of his duties, the position is more likely a trust position than a career position. See Elrod v. Burns, 427 U.S. at 368, 96 S.Ct. 2673 ("An employee with responsibilities that are not well defined or are broad of scope more likely functions in a policymaking position."). Accordingly, the position of Special Aide II is a trust position

from which Irizarry could be removed at will, and the defendants did not violate his First Amendment rights when he was terminated.

Because plaintiff's position was a trust position, defendants did not violate his First Amendment rights pursuant to 42 U.S.C. § 1983. Accordingly, plaintiff's federal claims pursuant to 42 U.S.C. § 1983 are **DISMISSED WITH PREJUDICE.**

**B.    Qualified Immunity**

Defendants next move for summary judgment on the theory that Mayor Rodriguez has qualified immunity as a government employee. The qualified immunity doctrine protects government officials from suit on federal claims for damages where, in the circumstances, a reasonable official could have believed his conduct was lawful. See Olmeda v. Ortiz-Quiñones, 434 F.3d 52 (1st Cir. 2006). Qualified immunity does not protect those who knowingly violate the law. See Malley v. Briggs, 475 U.S. 335, 341, 106 S.Ct. 1092, 89 L.Ed.2d 271 (1986).

In determining whether qualified immunity shields a state actor from liability, the Court uses a two-part test: "(1) whether the facts alleged or shown by the plaintiff make out a violation of a constitutional right, and (2) if so, whether that right was clearly established at the time of defendant's violation." See Maldonado v. Fontanes, 568 F.3d 263, 269 (1st Cir. 2009) (citing Pearson v. Callahan, 555 U.S. 223, 232, 129 S.Ct. 808, 172 L.Ed.2d 565 (2009)).

Because Irizarry's position was a trust position and he cannot establish a constitutional violation, the Court need not address the qualified immunity defense asserted by defendants. Ruiz-Casillas v. Camacho-Morales, 415 F.3d 127, 134 (1st Cir. 2005) (internal citations omitted).

### C. Supplemental State law claims

Because no federal claims remain on which to ground jurisdiction in this case, plaintiff's supplemental state law claims against defendants are **DISMISSED without prejudice.**

## IV. CONCLUSION

For the reasons explained above, the Court **GRANTS** summary judgment in favor of the defendant. Irizarry's political discrimination claim pursuant to 42 U.S.C. § 1983 is **DISMISSED with prejudice.** His supplemental state law claims pursuant to the Commonwealth Constitution and the Commonwealth's general tort statute are **DISMISSED without prejudice.** Final Judgment shall be entered dismissing this case in its entirety.

**IT IS SO ORDERED.**

San Juan, Puerto Rico, July 12, 2017.

s/ Francisco A. Besosa
FRANCISCO A. BESOSA
UNITED STATES DISTRICT JUDGE